UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIE A. COCHRAN,

    Plaintiff,

v.                                                                         CASE No. 8:05-CV-1323-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying her claims for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").[1] Essentially, she argues that the Administrative Law Judge ("ALJ") erred because 1) the transcript was incomplete; 2) he failed to fully and adequately develop the record; and 3) he posed an incorrect hypothetical to the vocational expert. After reviewing the record, I find that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, it is ordered that Plaintiff's complaint be dismissed and the Commissioner's decision affirmed.

*Background*

Plaintiff was thirty-four years old at the time of her administrative hearing on November 15, 2004. She has a limited, tenth grade education and previous work experience as a telemarketer.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Doc. 14).

Plaintiff alleges disability due to signs and symptoms of diabetes, hypertension, goiter, and musculoskeletal problems of the right knee and back.

Plaintiff initially filed for benefits on July 17, 2002, alleging a disability onset date of April 18, 2001. Her applications were denied both initially and upon reconsideration. On February 15, 2005, the ALJ denied Plaintiff's disability claim and the Appeals Council denied Plaintiff's request for review. This case is now ripe for review.

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.

If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*Discussion*

*1. incomplete transcript*

Plaintiff contends that the transcript included in the administrative record is incomplete. Defendant advises that after Plaintiff's memorandum in opposition was filed on March 22, 2006, she filed a notice of filing supplemental transcript (doc. 25). This supplemental filing is in fact a part of the record (doc. 26). Accordingly, the transcript is complete and this issue is moot.

*2. failure to fully and adequately develop the record*

Plaintiff contends that the ALJ did not fully develop the record. Defendant argues that the ALJ did fully develop the record and it is Plaintiff who has not met her burden of proving disability. An ALJ has a basic obligation to develop a full and fair record, even where, as here, the claimant was represented by counsel. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). Evidence is considered inadequate if it (1) contains a conflict or ambiguity that must be resolved, (2) does not contain all the necessary information, or (3) does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 404.912(e)(1). Nevertheless, it remains plaintiff's burden to prove she is disabled. *See Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Furthermore, a plaintiff is required to show prejudice from lack of development of a record before a case will be remanded for further development. *See Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997). The record must reveal "evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981)).

Some of Plaintiff's contentions are based in the previous argument regarding the incomplete transcript. For example, she claims it is impossible to ascertain whether or not there was a knowledgeable waiver of counsel. However, it is clear from the supplemental transcript filing that Plaintiff did knowingly waive counsel (Tr. 179). Plaintiff's main concern though appears to be that there are no examining physician records after 2002. This is incorrect as there are records from Dr. Hughes dated in 2003 which were used by the state agency physician to form his opinion.

There was no evidence before the ALJ to direct a finding of disability. In fact, when making his decision, the ALJ referenced medical records from Dr. Chandra, which revealed normal reflexes, unremarkable musculoskeletal exam, and an opinion that a conservative approach should be taken with regards to her goiter (Tr. 152). Plaintiff does not point to any record evidence demonstrating

functional limitations. If there are medical records establishing a disability, Plaintiff failed to provide those to the ALJ. It is Plaintiff's burden to prove she is disabled, which includes furnishing medical and other evidence so the ALJ can make an informed decision regarding any impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)(not unreasonable to require claimant to provide information about their medical condition, as they are in a better position to do so); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003)(An individual shall not be considered under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner may require).

Plaintiff further argues that the ALJ has an obligation to develop a complete medical history for at least the twelve month period preceding Plaintiff's application for benefits. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003)(quoting C.F.R. § 416.912(d)). Plaintiff filed her application on July 17, 2002, and it is clear from the record that the ALJ developed her history back to April 2001. Therefore, the ALJ complied with the regulations regarding his duty to develop the record. Of note is the fact that Plaintiff had numerous chances to supplement the record, and several letters were sent to her detailing information that would be needed to make a decision (Tr. 61-62). Also, Plaintiff did not submit additional evidence in support of her claim for review by the Appeals Council, and, as pointed out by the Commissioner in her memorandum, Plaintiff did not submit any new evidence to this Court for consideration of a sentence six remand.

### 3. vocational expert hypothetical

Plaintiff contends that the hypothetical presented to the vocational expert violates the regulations, inasmuch as there was no explanation for conflicts between the expert's testimony and the Dictionary of Occupational Titles. *See* SSR 00-4. Defendant asserts that the ALJ's hypothetical was appropriate, and even if it was not, he had already determined in step four that Plaintiff could

return to her past relevant work as a telemarketer. Therefore, the ALJ was not required to call on the vocational expert, and was also not required to ask about any DOT conflicts.

It is difficult to ascertain exactly what Plaintiff's contentions are regarding the vocational expert's hypothetical. In her memorandum she states that "[c]ertainly, it is reasonable to assume that there might have been questions, or modifications, that would have elicited important information" (doc. 24, p. 11). However, Plaintiff does not tell this Court what questions or modifications she believes the ALJ should have asked. This Court finds that the ALJ's hypothetical encompassed all the necessary information regarding Plaintiff. The testimony elicited from the vocational expert served the extra purpose of determining jobs that Plaintiff could perform other than her past relevant work.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.  The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.  The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on this 7th day of August, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record